*In re* CARLOS VÉLEZ VALENTÍN, querellado.

*Número:* CE-88-446 *Resuelto:* 30 de junio de 1989

404

*Rafael Ortiz Carrión, Procurador General,* e *Iván F. Fuster, Procurador General Auxiliar,* abogados de El Pueblo; *Rolando Emmanuelli Sepúlveda,* de *Bufete Emmanuelli,* abogado del querellado; *Carlos Vélez Valentín, pro se; Enrique Rivera Santana,* Comisionado Especial.

PER CURIAM: La Sra. Virgenmina García Rivera presentó una queja ante la Oficina del Procurador General contra el aquí querellado, Lcdo. Carlos Vélez Valentín, imputándole actuaciones negligentes cometidas por el letrado en el desempeño de la representación legal que ella le encomendó en un caso civil ante la Sala de Ponce del Tribunal Superior. Una vez examinamos el Informe del Procurador General, ordenamos la formulación de los cargos correspondientes y nombramos un Comisionado Especial.

El 12 de agosto de 1988 el Procurador General presentó dos (2) cargos contra el querellado, en los cuales le imputaba violaciones a los Cánones 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, relativos a los deberes de competencia e información al cliente. El querellado inicialmente negó los cargos, por lo que nombramos al Lcdo. Enrique Rivera Santana, un ex juez del Tribunal Superior, para que en presencia de las partes y en calidad de Comisionado Especial oyera y recibiera la prueba pertinente.

El 7 de febrero de 1989, antes de celebrarse la vista en su fondo, la señora García Rivera compareció ante este Tribunal, por derecho propio, y alegó bajo juramento que había sido resarcida en su totalidad de los daños ocasionados por la conducta en que incurrió el licenciado Vélez Valentín. Nos expresó, además, que su deseo era retirar la querella y nos instaba a archivar el asunto si lo creíamos procedente.

En esa misma fecha compareció el querellado a través de su abogado y aceptó los cargos imputados. Suplicó benevo-

lencia, "ya que su actuación no [fue] una que implic[ara] depravación moral o comisión de delito alguno". Moción de 7 de febrero de 1989.

Ante la aceptación de los cargos, en la vista celebrada por el Comisionado Especial testificó únicamente la perjudicada, quien reafirmó que había sido totalmente compensada por los daños sufridos y que no había sido presionada en forma alguna para que desistiera de la querella.

Del Informe del Procurador General y sus apéndices, así como del Informe del Comisionado Especial, se desprende que el licenciado Vélez Valentín fungió como representante legal de la señora García Rivera en el Caso Núm. 84–1180, *Efraín Oliveras Díaz v. Virgenmina García Rivera*, ante el Tribunal Superior, Sala de Ponce. En dicho pleito recayó sentencia contra la demandada, aquí querellante. Ella le requirió al querellado que instara el correspondiente recurso para revisar el dictamen judicial, a lo cual él accedió.

El licenciado Vélez Valentín, en lugar de presentar el escrito de revisión ante la Secretaría de este Foro, lo hizo en la Sala de Ponce del Tribunal Superior. El escrito le fue devuelto y se le informó que debía presentarlo ante el Tribunal Supremo. No obstante, el querellado envió el recurso al Tribunal Supremo por correo certificado a la dirección postal correspondiente al Centro Judicial de San Juan en Hato Rey. La Secretaría de dicho Centro Judicial devolvió el escrito[1]

---

[1] Aunque la falta de competencia profesional que se le imputa no está relacionada con la preparación del escrito, por su clara pertinencia al juzgar las actuaciones del querellado lo reproducimos literalmente en su totalidad:

al Tribunal Superior, Sala de Ponce, con la desafortunada consecuencia de que expiró el término jurisdiccional para presentarlo ante este Tribunal.(2)

Luego de haber transcurrido tres (3) meses desde el vencimiento del término y en vista de que el abogado no se había comunicado con ella, la señora García Rivera acudió a sus oficinas y allí se enteró de que el escrito se había "extraviado" y que había transcurrido el período para instar la revisión.

---

"EN EL TRIBUNAL SUPREMO [sic] DE PUERTO RICO
"SALA DE PONCE

| "EFRAIN OLIVERAS DIAZ, ETALS [sic] | CIVIL NUMERO: CS 84-1180 |
|---|---|
| "Demandantes | |
| "vs | Sobre |
| "VIRGENMINA GARCIA, ETALS [sic] | DAÑOS Y PERJUICIOS |
| "Demandados | |

"ESCRITO DE REVISION AL HONORABLE TRIBUNAL

"Comparecen la parte demandada representada por el Abogado que suscribe y respetuosamente ALEGA, EXPONE Y SOLICITA:

"1. Que el Honorable Tribunal emitió una Sentencia en el caso de epígrafe el 12 de junio de 1985, la cual se archivó en autos el 19 de julio de 1985, y la cual que revise la Sentencia emitida el 12 de junio de 1985, por el Honorable Tribunal Superior de Ponce.

"Por todo lo cual, solicito del Honorable Tribunal que DECLARE CON LUGAR el presente Escrito de Revisión al Tribunal Supremo de Puerto Rico.

"Dada en Ponce, Puerto Rico, a 13 de julio de 1985.

"CARLOS A. VELEZ VALENTIN
"NOTARIO PUBLICO

"Notificación a:

"Lcdo. Eloy Verdejo Roque
"Calle Amor Núm. 5
"Ponce, Puerto Rico 00731[.]" Informe del Procurador General, pág. 16.

(2) Aun cuando dicho "recurso" se hubiese presentado en tiempo ante este Tribunal, no cumple con los requisitos mínimos de nuestro reglamento. Véase Regla 17 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A; *Re Reglamento del Tribunal Supremo*, Resolución de 20 de noviembre de 1985; *Calderón, Rosa-Silva & Vargas v. García*, 120 D.P.R. 803 (1988).

La querellante, entonces, acudió al Lcdo. Guillermo J. Godreau para que le reclamara al licenciado Vélez Valentín por los daños sufridos por su conducta. No se llegó a instar la correspondiente acción civil al aceptarse una transacción por $3,500.

I

Los cánones de ética profesional establecen las normas básicas que deben regir en la relación abogado-cliente. El Canon 18 del Código de Ética Profesional, *supra*, en lo aquí pertinente señala:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Esta disposición le impone a los letrados un deber de diligencia en la tramitación de los asuntos que se le han encomendado "con un trato profesional caracterizado por *la mayor capacidad*, la más devota lealtad y la más completa honradez". (Énfasis suplido.) *In re Acosta Grubb*, 119 D.P.R. 595, 602 (1987).

En *Colón Prieto v. Géigel*, 115 D.P.R. 232, 238 (1984), dijimos, citando de Borrell Macía, que:

> "El que ejerce una profesión liberal, sea de la clase que sea, y ofrece y presta sus servicios al público, está obligado a tener los conocimientos suficientes para ello, además de poner de su parte cuanto sepa para cumplir su cometido. No es suficiente poseer un título académico, a pesar de ser, en muchos casos, elemento indispensable para el ejercicio de la profesión, porque el progreso de las ciencias en unos casos, y las nuevas

complicaciones que con el tiempo van surgiendo, en otros, hace precisa la diligencia debida, con posterioridad a la posesión del título académico. . . ."

Estos principios de responsabilidad ético-profesional le aplican a los abogados, tanto en sus comparecencias a los foros de instancia y organismos administrativos como en sus presentaciones en los foros apelativos, particularmente ante este Tribunal.

 Aunque un abogado no tiene la obligación de conocer todo nuestro ordenamiento legal, el incumplimiento de un precepto jurídico no puede escudarse ni justificarse en su ignorancia, máxime cuando se trata de un requisito jurisdiccional cuya infracción puede acarrear la pérdida de un derecho. *Pueblo v. Miranda Colón*, 115 D.P.R. 511, 512 (1984). Esto implica que los abogados deben demostrar "'celo, cuidado y diligencia'" en la tramitación de todos los asuntos judiciales. *Colón Prieto v. Géigel*, supra, pág. 240; *In re Rodríguez Torres*, 104 D.P.R. 758, 765 (1976).

 Al comparecer ante este Tribunal debe estar adecuadamente familiarizado con el reglamento de este Foro y con las Reglas de Procedimiento Civil y con las de Procedimiento Criminal. Un abogado que acepta una encomienda apelativa sin tener los conocimientos procesales y sustantivos necesarios para realizarla responsablemente y sin la preparación y dedicación que usualmente requieren los recursos apelativos refleja una falta de diligencia y de conocimiento que lo coloca al margen del Canon 18 del Código de Ética Profesional, *supra*, y de reclamaciones por negligencias profesionales. *Colón Prieto v. Géigel*, supra, pág. 239.

Las actuaciones del licenciado Vélez Valentín en este caso sin duda denotan una falta inexcusable de conocimiento del trámite apelativo que no satisface las competencias profesionales mínimas. No se trata aquí de un error de juicio o de

interpretación del derecho. Estamos ante el desconocimiento e incumplimiento de las reglas de este Tribunal que todo abogado que postula ante nos debe conocer.

## II

Luego de haber cometido los descritos actos de impericia, el licenciado Vélez Valentín no le informó a su cliente sobre el resultado de sus gestiones. No fue hasta que la señora García Rivera fue a su oficina a inquirir sobre el estado de su caso, tres (3) meses después de haber transcurrido el término jurisdiccional, que se le "informó" que nada se podía hacer porque el recurso se había "extraviado" como resultado de su desconocimiento sobre el trámite apelativo.

El Canon 19 del Código de Ética Profesional, *supra*, le impone a los abogados la obligación de mantener informados a sus clientes de todo asunto importante que se desarrolle en el curso de su gestión profesional. Creemos que el haber fallado en su encomienda era un asunto importante a ser comunicado a su cliente, aun cuando ya nada se podía hacer para salvaguardar el derecho de apelar. *Cf. Colón Prieto v. Géigel*, supra, pág. 240. Por lo tanto, el abogado infringió también el Canon 19, *supra*.

## III

Nos resta considerar la sanción disciplinaria. Aunque el querellado aceptó los cargos imputados, esta circunstancia no es eximente (*In re Díaz Alonso, Jr.*, 115 D.P.R. 755, 765 (1984)), máxime cuando inicialmente negó responsabilidad, obligándonos a nombrar un Comisionado Especial.

Sin embargo, su expediente profesional no refleja previas actuaciones reñidas con la ética. *In re Calderón Marrero*, 122 D.P.R. 557 (1988). La perjudicada también fue resarcida. Por otro lado, no estamos ante actuaciones que cons-

tituyan delito público o que resulten en lesiones graves que impliquen depravación moral.

Ante estas circunstancias, *procede que limitemos nuestra sanción a una fuerte amonestación al Lcdo. Carlos Vélez Valentín, con el apercibimiento que de incurrir en el futuro en conducta análoga a la aquí descrita estará sujeto a medidas disciplinarias más severas.* Corresponde al abogado reflexionar profesionalmente sobre las medidas que debe tomar para cumplir con su responsabilidad profesional y con el grado de diligencia y competencia que el país espera de la clase togada.