*In re* LUIS E. VARGAS SOTO, querellado.

Número: MC-89-75          Resuelto: 6 de diciembre de 1990

*Norma Cotti Cruz, Subprocuradora General,* y *José Roberto Vega Díaz, Procurador General Auxiliar,* abogados de El Pueblo; *Porfirio*

*Reyes Álvarez,* de *Reyes & Reyes,* y *Antonio José Amadeo Murga,* abogados del querellado.

## I

PER CURIAM: El trasfondo fáctico y procesal que inicia el ejercicio de nuestra jurisdicción disciplinaria original en torno a la conducta profesional del Lcdo. Luis E. Vargas Soto se remite al 14 de diciembre de 1988. En esa fecha, el policía Jesús M. González presentó unas denuncias de *alteración a la paz y amenaza* contra la Sra. Leila Vega González. Tras varias suspensiones, el 20 de abril de 1989 los casos se ventilaron en el Tribunal de Distrito, Sala de Toa Alta (Hon. Carlos Rodríguez García, Juez). Allí la acusada Vega González, representada por Vargas Soto, hizo alegación de no culpabilidad. A solicitud del Ministerio Fiscal se archivó la denuncia de amenaza y se presentó una enmienda a la de alteración a la paz. Desfilada la prueba, se le encontró culpable e impuso una multa de cuatrocientos (400) dólares más las costas.

Subsiguientemente, el 20 de abril de 1989 el licenciado Vargas Soto presentó un escrito de apelación. El 22 de abril ratificó esa apelación y solicitó la transcripción de los procedimientos. Pidió, además, treinta (30) días para preparar las incidencias del juicio. Con vista a estos documentos, el 27 de abril el Juez Rodríguez García ordenó que el expediente fuera remitido al Tribunal Superior al consignar su criterio de que "el recurso de apelación no cumpl[ía] con la Regla 4 de Procedimientos Apelativos". Apéndice, *Exhibit* I, pág. 23.

Ante ese dictamen, el 9 de mayo el licenciado Vargas Soto pidió al Tribunal Superior que devolviera el expediente al Tribunal de Distrito para que se completara el trámite apelativo conforme la Regla 216 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. El 31 de mayo, el Tribunal Superior (Hon. Hiram Torres Rigual, Juez) dictó sentencia y declaró sin lugar la apelación al concluir que, efectivamente, no cumplía con las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A.

En su dictamen desestimatorio el Hon. Juez Torres Rigual consignó:

De la lectura del Escrito de Apelación y de la Moción radicada posteriormente conclu[i]mos que el apelante no cumplió en lo más mínimo con las Reglas antes citadas. [Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, Núm. 5(b), 6(b) y 8(b), 4 L.P.R.A., Ap. III.] *El abogado de la apelante ha utilizado un formato pre-impreso, incompleto, sin señalamiento de error alguno, llenado a manuscrito, lo cual entendemos que es una falta de respeto a la dignidad del Tribunal y una ausencia total de la formalidad que debe seguirse en los procedimientos judiciales.* (Énfasis suplido.) Apéndice, *Exhibit* I, pág. 33.

Así las cosas, el 25 de julio el licenciado Vargas Soto pidió al Tribunal de Distrito que se completaran los procedimientos de la Regla 216 de Procedimiento Criminal, *supra.* Adujo que a esos fines el expediente había sido devuelto del Tribunal Superior. Expuso, además, que la acusada había sido citada para el pago de multa e inquirió la razón. Expuso que el caso se encontraba en la fase preparativa de la apelación.

El 1ro de agosto el caso fue llamado para el pago de sentencia. El licenciado Vargas Soto solicitó y obtuvo del Tribunal de Distrito término para recurrir al Tribunal *Supremo* de la determinación del Tribunal Superior. Sin embargo, en una vista señalada para el 5 de septiembre de 1989 optó por presentar una moción de *Coram Nobis,* suscrita el 31 de agosto de 1989, en que pedía un nuevo juicio. En lo pertinente indicó:

3. Que recientemente el abogado suscribiente tuvo una conversación con el Honorable Presby Santiago de Sabana Grande, Teléfono 721–6045 y 873–3740 y éste posee *información de tal naturaleza que evidencian* [sic] *la inocencia de la imputada y el Honorable Tribunal lo puede corroborar llamando a dichos teléfonos* o celebrando una vista donde comparezca el legislador antes mencionado a testificar sobre todo lo que sabe de la imputada que evidencia su inocencia.

*POR TODO LO ANTERIORMENTE EXPUESTO, se solicita muy respetuosamente del Honorable Tribunal,* declare con lugar lo solicitado y conceda un nuevo juicio o señale una vista para que comparezca el Honorable Legislador Presby Santiago a testificar en relación a lo planteado *o el Honorable Juez "Motus proprio" llame* a los teléfonos 721–6045 [ó] 873–3740 y corrobore lo planteado; con

cualquier otro pronunciamiento que proceda en Derecho. (Énfasis suplido.) Apéndice, *Exhibit* I, pág. 45.

El 1ro de noviembre de 1989, el licenciado Vargas Soto suscribió un escrito en el cual *retiraba* y pedía el desglose de esa moción y además solicitaba la reconsideración de la sentencia. El Juez Rodríguez García autorizó el desglose, denegó la reconsideración y dispuso nuevamente la citación de la acusada Vega González para pago de multa.

El 10 de noviembre de 1989 radicó una segunda moción de reconsideración. Alegó que el Juez Rodríguez García, luego de escuchar los argumentos en apoyo a su moción de reconsideración y conocer los argumentos consignados en su moción de *Coram Nobis,* unido al argumento fundado en los sufrimientos experimentados por la acusada, había acordado con él que retirara la moción de *Coram Nobis,* y expusiera por escrito los fundamentos que había esbozado verbalmente ante lo cual, en reconsideración, absolvería "libremente a la imputada doña Leila Vega González". Apéndice, *Exhibit* I, pág. 53.

Ante esta moción, el 6 de diciembre el Juez Rodríguez García emitió una resolución y orden. Hizo constar que le había comunicado al abogado Vargas Soto que su solicitud de que *motu proprio* llamara al Representante Presby Santiago era improcedente y "se sentía presionado y ofendido" (Apéndice, *Exhibit* I, pág. 57) por esa solicitud y la imputación de haberse colusionado para absolver a la acusada. Añadió que *nunca* había "hecho acuerdo, conversación o entendido con el propósito o intención de desviar la justicia, absolviendo a quien [él] encontró, más allá de duda razonable, como convicta de alterar la paz". Íd. Finalmente, dicho magistrado repudió "vigorosamente *la acusación* hecha por el Lcdo. Vargas Soto a la reputación, y buen nombre de este Juez y la Judicatura". (Énfasis en el original.) Íd. Por entender que la conducta del licenciado Vargas Soto era contraria al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, elevó una queja ante nos.

El 16 de diciembre de 1989 el licenciado Vargas Soto objetó esa resolución. Reiteró que el juez había acordado reconsiderar y

absolver a la acusada una vez él presentase por escrito sus argumentos orales. Reconoció la facultad de los jueces de variar sus criterios, pero expuso que no entendía la razón para el Juez Rodríguez García haber incluido el comentario del Juez Torres Rigual. Admitió que acogió el dictamen del Juez Torres Rigual como una lección y se deshizo de todas las formas preimpresas de apelación. Negó, además, que el Juez Rodríguez García le indicara que se sentía presionado y ofendido, y que por ello se inhibiría. Rechazó que se hubiese hablado de política o fuera su intención inyectarla en el caso. Señala que retiró la moción de *Coram Nobis* y presentó la reconsideración por instrucciones del propio Juez Rodríguez García. Finalmente, indicó que nunca había tenido la intención de ofenderlo.

El Juez Rodríguez García estimó académica esa última moción. Ordenó la celebración de una vista para satisfacer la multa.

## II

A la luz de un informe del Procurador General, el abogado Vargas Soto nos expone que sus actuaciones

. . . no reflejan, ni mala fe, ni desprecio por la autoridad de los Tribunales, ni actuaciones en beneficio propio, ni perjuicio a persona alguna, ni acto que implique deshonestidad en el ejercicio de su profesión. En resumen, ha sido un incidente que ha tomado un giro sumamente desagradable para el querellado.

El querellado como un abogado de pueblo, ha luchado por desempeñarse en el ejercicio de su profesión, representando a personas de escasos recursos económicos en el Pueblo de Cataño. La situación en que se encuentra el querellado ante este Honorable Tribunal, ha sido por defender y tratar de proteger un cliente, al que le pareció que una sanción penal le destruiría su moral y autoestima. Esa identificación con el cliente en unos momentos que ocurren muy a menudo donde por defender los intereses de nuestros representados, inconscientemente trascendemos la fina línea entre lo permitido en defensa de nuestros clientes y el respeto que debemos a la institución del juez en el ejercicio de su función. Contestación del querellado al Informe del Procurador General, págs. 1–2.

Indica que sintió una "gran desilución y frustración cuando el Honorable Carlos Rodríguez García se negó posteriormente a

reconsiderar. La solución que había optado la imputada, esto es, de vender su propiedad con sacrificio económico a cambio de no estar sujeta a una mácula en su récord penal y el haberlo llevado a cabo, sin que se relevara de la sanción penal, le pareció al querellado una injusticia que le llevó a hacer manifestaciones que sin quererlo provocaron indignación al Honorable Juez". Contestación del querellado al Informe del Procurador General, págs. 2–3.

En cuanto a su falta de diligencia en el trámite a la apelación, acepta que omitió especificar los señalamientos de errores, pero que "radicó numerosos escritos que dem[o]stra[ron] su interés en perfeccionar la apelación incluyendo varias mociones de reconsideración". Por último nos dice que en su moción ante el Juez Rodríguez García "no existe nada que pueda interpretarse como que el querellado presionara dicho magistrado, la sola mención . . . del Honorable Presby Santiago no constituye presión indebida y sí una persona más que podría aportar evidencia en el caso sobre la imputada Leida Vega González". Contestación del querellado al Informe del Procurador General, págs. 3–4.

## III

■ No podemos coincidir con la posición del licenciado Vargas Soto. Su conducta trascendió lo permisible. Constituye una clara violación al Código de Ética Profesional. Contrario al mandato del Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, no fue diligente al tramitar la apelación de la señora Vega González. Véase *In re Vélez Valentín*, 124 D.P.R. 403 (1989).

■ Sin embargo, esa infracción no compara con la gravedad de haber aludido en su escrito de *Coram Nobis* al representante Santiago, a los efectos de que dicho legislador tenía evidencia de la inocencia de la acusada y haberle propuesto al juez que lo citara a una vista o que llamara *motu proprio* por teléfono al legislador

582

para corroborar esa información. Ese comportamiento constituyó una falta de respeto al Tribunal. Canon 9, *supra*.[1]

Réstanos determinar la sanción. No es la primera vez que la conducta del abogado Vargas Soto ocupa nuestra atención. El 14 de mayo de 1976, por no seguir fielmente el trámite requerido por ley para la venta de bienes de menores, fue amonestado y apercibido. Caso Núm. Mc-76-9. Posteriormente, en 1979 y mediante opinión *per curiam*, fue censurado y conminado "a medir sus futuros pasos, y a mejorarse con el estudio y la deliberación que le permitan ejercer la profesión con la responsabilidad ética y pública que nuestra sociedad exige de sus abogados . . . ." *In re Vargas Soto*, 108 D.P.R. 490, 495 (1979).

Este historial nos obliga a adoptar una postura más fuerte. En consecuencia, *se le suspende del ejercicio de la abogacía por el término de tres (3) meses.*

*Se dictará la correspondiente sentencia.*

---

[1] Este canon dispone:
"*Canon 9. Conducta del abogado ante los tribunales*

"*El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces* o contra el buen orden en la administración de la justicia en los Tribunales. En casos donde ocurrieren tales ataques o atentados el abogado debe intervenir para tratar de restablecer el orden y la buena marcha de los procedimientos judiciales." (Énfasis suplido.)