# 95 DTA 4

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE Y AIBONITO

JANET PAGAN Y OTROS
Demandantes-Recurridos

v.

MUNICIPIO DE JUANA DIAZ, ETC.
Demandado-Peticionario

Núm. KLCE-95-00030

San Juan, Puerto Rico, a 27 de febrero de 1995

Panel integrado por su presidente, Juez Brau Ramírez,
y los Jueces Amadeo Murga y Rodríguez Maldonado

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

Se recurre, mediante recurso de *certiorari*, de una resolución emitida el 13 de enero de 1995 y notificada el 23 de enero de 1995, por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Juana Díaz, en el caso de epígrafe sobre violación de derechos civiles y daños y perjuicios. Mediante el dictamen en cuestión, el Tribunal de Primera Instancia denegó, ante la oposición presentada por la parte recurrida, Janet Pagán y otros, una solicitud

de la parte peticionaria, Municipio de Juana Díaz, para enmendar el acta de conferencia con antelación al juicio a los efectos de añadir un testigo pericial, no anunciado previamente durante el proceso. La parte peticionaria solicitó reconsideración de la referida resolución, la que fue denegada por el Tribunal de Primera Instancia, el 2 de febrero de 1995.

Junto con su recurso, la parte peticionaria ha presentado una Moción en Auxilio de Jurisdicción solicitando la paralización de los procedimientos ante el Tribunal de Primera Instancia, toda vez que la vista en su fondo del caso se halla señalada para el 8 de marzo de 1995█

## II

Según surge del recurso, en el caso de autos, el Tribunal de Primera Instancia celebró una conferencia con antelación al juicio el 5 de mayo de 1994. El informe de conferencia preliminar entre abogados, sin embargo, no fue presentado sino hasta el 13 de julio de 1994, La vista en su fondo fue suspendida dos veces, el 5 de octubre de 1994 y el 2 de diciembre de 1994, quedando señalada para el 8 de marzo de 1995. El 13 de enero de 1995, ocho meses después de la celebración de la conferencia con antelación al juicio, la parte peticionaria presentó una moción anunciando perito y solicitando se enmiende el informe de conferencia con antelación al juicio, La parte recurrida se opuso. Ante dicha oposición, el Tribunal de Primera Instancia emitió la resolución recurrida, denegando la solicitud.

La resolución recurrida fue emitida, y el término para la presentación del presente recurso de *certiorari* comenzó a decursar antes de la vigencia de la Ley de la Judicatura de Puerto Rico de 1994, la cual entró en vigor el 24 de enero de 1995. De acuerdo a la Regla 4(a) de las de Transición Sobre la Aplicación del Reglamento del Tribunal de Circuito de Apelaciones, por lo tanto, el presente recurso debe ser tramitado *"bajo la Ley vigente al momento en que comenzó a decursar el término para recurrir en alzada".* █ Esto significa que le son de aplicación las disposiciones del anterior Reglamento del Tribunal Supremo de Puerto Rico, relativas al recurso de *certiorari*, Véase, *Aderic Industrial, Inc., h/n/c La Tina Industrial Laundry v. Wilmer Tacoronte h/n/c Hotel Cupido,* KLCE-95-00003 (resolución del 17 de febrero de 1995).

La Regla 21(g) del referido Reglamento del Tribunal Supremo, 4 L.P,R.A., Ap. I-A, requería que toda petición incluyera un apéndice, conteniendo copia de, *inter alia,* las alegaciones de las partes, cualquier resolución u orden o cualquier escrito de cualquiera de las partes, que forme parte del legajo en el Tribunal superior y en que se discuta expresamente cualquier asunto que se plantee en la petición de *certiorari,* y cualquier otro documento que forme parte del récord en el Tribunal Superior, y que pueda ser útil a este Tribunal al tomar su decisión sobre la expedición del auto. Compárese la Regla 19(E) del Reglamento del Tribunal de Circuito de Apelaciones.

El recurso de la parte peticionaria, sin embargo, no incluye el informe de conferencia preliminar sometido por las partes o la oposición presentada por la parte recurrida a la moción anunciando perito presentada por la parte recurrente, No se acompaña tampoco copia de las alegaciones de las partes en el caso. Este Tribunal simple y sencillamente desconoce la naturaleza específica de este caso, las teorías de las partes, la prueba anunciada, o los fundamentos invocados por la parte recurrida para oponerse a la solicitud del Municipio, los cuales fueron acogidos por el Tribunal de Primera Instancia. En estas circunstancias, no estamos en posición de evaluar los méritos del recurso.

En cualquier caso, observamos que el tipo de determinación que se recurre es una que descansa en la sana discreción del Tribunal de Primera Instancia. Habiendo transcurrido varios meses desde la celebración de la conferencia con antelación al juicio, y estando tan

relativamente próximo el inicio de la vista en su fondo del caso, no detectamos indicio alguno de irrazonabilidad en la actuación del Tribunal de Primera Instancia. Cabe señalar, en este sentido, que en su moción anunciando perito, la parte peticionaria no intenta siquiera justificar la tardanza de su solicitud.

En su recurso, la parte peticionaria se queja de que el Tribunal de Primera Instancia permitía a la parte contraria el anuncio de testigos adicionales, provocando la suspensión del juicio. No podemos evaluar los méritos de este argumento de *tu quoque,* porque la parte peticionaria tampoco ha acompañado los documentos relativos a este incidente o la resolución del tribunal sobre el mismo. No podemos concluir, en estas circunstancias, que las situaciones efectivamente sean similares o que el foro de Primera Instancia hubiera utilizado varas distintas para medir las solicitudes de las partes.

El Tribunal Supremo de Puerto Rico ha establecido que la aceptación de una encomienda apelativa impone sobre los abogados el deber de adquirir los conocimientos procesales y sustantivos requeridos por este tipo de trámite, así como de desplegar la preparación y dedicación correspondientes. *In re: Vélez Valentín,* 124 D.P.R. 403 (1989). La complejidad de los cambios introducidos en nuestra jurisdicción por la Ley de la Judicatura de Puerto Rico de 1994 y los numerosos reglamentos adoptados para implementar la misma hacen doblemente imperativo que los abogados de esta jurisdicción ejerzan toda la diligencia posible para conocer y cumplir con los procedimientos ante este Tribunal.

Por los fundamentos expresados, se desestima el presente recurso.

Lo pronunció el Tribunal y certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 4

1. El art. 4.002 de la Ley de la Judicatura de Puerto Rico de 1994 establece que " *[l]a radicación de un auto de certiorari ante el tribunal De Circuito de Apelaciones no paralizará los procedimientos ante el Tribunal de Primera Instancia en cuanto a cuestiones no comprendidas en el recurso, pero éste no podrá dictar sentencia final, salvo orden en contrario expedida motu proprio o a solicitud de parte por el Tribunal de Circuito de Apelaciones";* vease, además, la Regla 20(A) del Reglamento del Tribunal de Circuito de Apelaciones. Podría pensarse, a la luz de esta disposición, que la presentación de una Moción en Auxilio de Jurisdicción para paralizar los procedimientos ante el Tribunal de Primera Instancia resulta innecesaria, ya que dicho foro queda paralizado en cuanto a las cuestiones comprendidas en el recurso.

La disposición citada es del todo equivalente, sin embargo, a la sección 14 de la Ley Núm. 21 de 13 de julio de 1992, que creó el anterior Tribunal de Apelaciones; véase, además, la Regla 20(b) del Reglamento del Tribunal de Apelaciones. Durante el período en que estuvo en funcionamiento el tribunal de Apelaciones, no se interpretó que la mera presentación de un recurso de *certiorari* ante dicho foro paralizará los procedimientos ante el Tribunal Superior, aunque sí privaba a este último de facultad para dictar sentencia. Véase, e.g., *Roche Products. Inc. v. Municipio de Manatí,* ___ D.P.R. ___ (1933), **93 J.T.S. 150,** a la pág. 11,275 (resolución del 18 de noviembre de 1993) **93 JTS 150,** a la pág. 11,275 (resolución del 18 de noviembre de 1993) *("[a]mbas disposiciones autorizaban al Tribunal Superior a continuar los procedimientos en el caso que tenía ante sí, pero no podía dictar sentencia...")*

2. La Ley Núm. 11 de 2 de junio de 1993 estableció un término de treinta (30) días para la presentación de un recurso de este tipo ante el Tribunal Supremo de Puerto Rico, para la revisión de una resolución u orden interlocutoria emitida por el Tribunal Superior. 4 L.P.R.A. sec. 37-1(e).