Pesante Martínez, Juez Ponente
*1326 TEXTO COMPLETO DE LA SENTENCIA
Mediante Orden y Resolución que emitiéramos el 6 de octubre de 1995 ordenamos, entre otras cosas, que una vez sometida la exposición estipulada de la prueba, la parte apelante tendría 20 días para someter su alegato y el apelado igual término para someter el suyo, contado éste a partir de la notificación del alegato de la parte apelante.
La Exposición Estipulada de la Prueba, en el caso de autos, fue sometida el 9 de octubre de 1995 y enmendada a 14 de noviembre del mismo año. Con fecha de 13 y 16 de noviembre de 1995, el Tribunal de Instancia aprobó tal exposición y ordenó la elevación de los autos a este Tribunal. De la notificación de dicha orden, se archivó copia en autos el 22 de noviembre de 1995.
I
Aún en el escenario más favorable para el apelante, contando el término de 20 días desde el archivo en autos de copia de notificación de la orden elevando los autos a este Tribunal, el mismo ha transcurrido sin que a la fecha contemos con el alegato de la parte apelante. Este debió ser presentado en o antes del 12 de diciembre de 1995.
La aceptación de una encomienda apelativa le impone a los abogados el deber de. adquirir los conocimientos procesales y sustantivos requeridos por este trámite y desplegar la preparación y dedicación correspondiente. In re: Vélez Valentín, 124 D.P.R. 403(1989). Es contrario a la ética de la profesión no actuar con "...celo, cuidado y diligencia..." en la tramitación de estos asuntos. Canon 18 del Código de Etica Profesional, 4 L.P.R.A. Ap IX, Canon 18. Véase también Colón Prieto v. Géigel, 115 D.P.R. 232 (1984).
Tan reciente como el 24 de octubre de 1995, el Tribunal Supremo se expresó sobre el deber de los abogados de cumplir con la reglamentación de los recursos apelativos. Fue en Muñiz Alcaraz v. Muñoz López, donde nuestro más alto Foro nos dice que aun luego de nueve meses de comenzada la implantación de la nueva Ley de la Judicatura y los Reglamentos del Tribunal de Circuito de Apelaciones y del Tribunal Supremo, un número sustancial de los recursos presentados reflejan laxitud con el cumplimiento de los procedimientos apelativos. Para finalizar, se apercibe a la clase togada a que cumpla con los procedimientos pues el Tribunal se habrá de mantener vigilante porque así se haga.
El alegato del aquí apelante debió ser presentado a más tardar el 12 de diciembre de 1995. No fue presentado. Ya en nuestra Orden y Resolución de 6 de octubre de 1995 advertimos: ”...[S]erá responsabilidad de la parte apelante desplegar toda la diligencia requerida para dar cumplimiento a los plazos y notificar de cualquier incumplimiento a la misma.". Los abogados están obligados a cumplir estrictamente con los trámites apelativos. Más aún, ante recursos de esta índole donde nuestra función es revisora y necesitamos de su asistencia para evaluar los méritos del mismo. Matos v. Metropolitan Marble Corp., 104 D.P R. 124(1975) y Cárdenas Marxán v. Rodríguez, 119 D.P.R. 642 (1987). Por todo lo antes expuesto, resolvemos desestimar el recurso ante nos por falta de diligencia e incumplimiento con los requisitos en trámites apelativos. Regla 31 (c) del Reglamento del Tribunal de Circuito de Apelaciones.
Lo resuelve el Tribunal y lo certifica la Secretaria General.
Notifíquese por la vía ordinaria.
María de la C. González Cruz
Secretaria General
ESCOLIO 96 DTA 4
1. 95 J.T.S. 141, Resolución de 24 de octubre de 1995.