EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | |
| --- | --- |
| v. | Certiorari |
| José A. Morales | 2000 TSPR 9 |
| Imputado | |
| María de los A. Colom Báez | |
| Peticionaria | |
| Ex Parte | |

Número del Caso: CC-1999-0336

Fecha: 21/01/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VII

Juez Ponente: Hon. José L. Miranda de Hostos

Abogados de la Parte Peticionaria: Lcdo. Luis R. Lugo Emanuelli

Oficina del Procurador General: Hon. Procurador General

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

       v.

José A. Morales                   CC–1999–336    Certiorari

    Imputado

María de los A. Colom Báez

    Peticionaria

Ex Parte

Opinión del Tribunal emitida por el Juez Asociado señor Negrón García

San Juan, Puerto Rico, a 21 de enero de 2000

I

En virtud del <u>Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal</u>,[1] el 26 de octubre de 1998, la

---

[1] Aprobado el 30 de junio de 1998 en virtud de nuestra facultad inherente para reglamentar la profesión de la abogacía y establecer un sistema uniforme que evite posibilidad de arbitrariedad en la asignación de representación legal de oficio, que por mandato constitucional debe proveérsele a los indigentes.

Su génesis la encontramos en <u>Ramos Acevedo</u> v. <u>Tribunal Superior</u>, 133 D.P.R. 599 (1993). Allí sostuvimos la constitucionalidad de la obligación de **todo abogado** prestar servicios profesionales gratuitos a acusados indigentes. Creamos un esquema **tentativo** que sirvió de guía al Comité –constituido mediante Resolución de 18 de junio de 1993–, que oportunamente estudió y nos formuló un Informe con recomendaciones reglamentarias para la asignación de abogados de oficio en casos criminales.

Región Judicial de Fajardo, efectuó sorteo público para establecer el orden de asignación. Utilizó como base un listado de abogados de 22 de octubre de 1998, preparado por el presidente de la delegación, Lcdo. Máximo Molina Fragosa. La Lcda. Colom Báez —admitida a la profesión desde el 26 de junio de 1987— no estaba en el listado ni participó en el sorteo; por consiguiente, no formó parte de la lista oficial así preparada el 26 de octubre.[2] Sin embargo, el 31 de marzo de 1999, se emitió Orden Administrativa enmendada 99-1,[3] la cual excluyó abogados —algunos activos— pertenecientes a la delegación de Fajardo que estaban en la referida lista de 26 de octubre de 1998; **incluyó por vez primera a la Lcda. Colom Báez y la colocó en tercer turno**.

Así las cosas, el 7 de abril se le notificó a la Lcda. Colom Báez orden del Tribunal de Primera Instancia, Subsección de Distrito, Sala de Fajardo, Luquillo (Hon. De Jesús Collazo), **designándola abogada de oficio en varios casos criminales**,[4] así como una Vista Preliminar a celebrarse el 20 de abril. El 12, Colom Báez presentó "Moción Informando Reparo a Designación como Abogada de Oficio en Procedimientos de Naturaleza Penal". Pidió ser relevada de dicha representación, aduciendo razones éticas y profesionales basadas en nunca haber asistido persona alguna

---

[2] Acta suscrita por la Hon. Magalie Hosta Modestti, Jueza Administradora del Tribunal de Primera Instancia, Región Judicial de Fajardo, conteniendo las incidencias del sorteo.

[3] Notificada al Presidente de la Delegación de Fajardo el 7 de abril.

[4] Pueblo de P.R. v. José A. Morales, VP99-271 y VP99-273.

en casos de naturaleza penal; no practicar el Derecho Criminal, sólo Civil, y otros motivos fundados en principios profesionales y personales. **Se puso a disposición del Tribunal para representar indigentes de oficio en casos no criminales**.

El 14 de abril, el Tribunal de Primera Instancia, Región Judicial de Fajardo (Hon. Hosta Modestti), **se declaró sin jurisdicción**. El 20 de abril la Lcda. Colom Báez, a tenor con la Regla 32 del mencionado Reglamento acudió al Tribunal de Circuito de Apelaciones en <u>certiorari</u> y solicitó un auxilio de jurisdicción. Dicho foro (Hons. Miranda de Hostos, Rivera Pérez y Rodríguez García), denegó el recurso. Inconforme, acudió ante nos[5] y acordamos expedir. En

---

[5] Señala:

"A. Erró el Tribunal de Circuito de Apelaciones, Región Judicial VII de Carolina/ Fajardo, al resolver que no se violó la Regla 9 del *Reglamento Para La Asignación De Abogados O Abogadas De Oficio En Procedimientos De Naturaleza Penal*, *ante*, al incluir a la peticionaria en las listas y asignarle como abogada de oficio, habiéndose hecho dicha inclusión y designación de manera arbitraria y discriminatoria, perjudicándola esta conducta.

B. Erró el Tribunal de Circuito de Apelaciones, Región Judicial VII de Carolina/ Fajardo, al resolver que no se violó la Regla 22 (c) del *Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal, ante,* al hacerse la designación de la peticionaria como abogada de oficio, sin atender sus reparos, en violación al debido proceso de ley y el derecho a ser oída.

C. Erró el Tribunal de Circuito de Apelaciones, Región Judicial VII de Carolina/ Fajardo, al resolver que, por virtud del Canon 1 de Ética Profesional, la peticionaria estaba obligada a representar al acusado, poniendo a ésta

síntesis, alega se infringió la Regla 9 del Reglamento al incluirse en la lista y designarse como abogada de oficio de forma arbitraria y caprichosa; violación a la Regla 22(c) del mismo Reglamento al desatenderse sus reparos en violación al debido proceso de ley y; conflicto ético al obligársele a representar casos criminales.

II

En su primer señalamiento, la Lcda. Colom Báez plantea que las modificaciones a la lista del 26 de octubre de 1998 se hicieron en contra de la Regla 9 del Reglamento, pues no había terminado el año fiscal 1998-1999, no incluyó todos los nombres de la lista anterior ni todos los abogados de la Delegación de Fajardo incluidos en la original y, se le situó en el tercer turno, no al final como correspondía. Aduce que esa inclusión y eventual designación es ilegal, contraria a derecho, arbitraria y caprichosa. **No tiene razón**.

La Regla 9 del Reglamento, rectora de la **modificación de listas**, provee:

> "A comienzo de cada año fiscal, el presidente de la Delegación del Colegio de Abogados someterá al Juez Administrador los nombres de nuevos abogados que cualifiquen para actuar como abogados de oficio en su región y de los abogados de oficio de otras regiones que se hayan integrado a su

---

en riesgo de violar el Canon 18 del Código de Ética Profesional, lo cual provoca un choque ético y conflicto en la aplicación de ambos cánones, exponiéndola al riesgo de incurrir en conducta sancionable por este Tribunal e incurrir en responsabilidad civil ante terceros, todo esto contrario a lo resuelto en el caso de Ramos Acevedo v. Tribunal Superior, Op. de 14 de junio de 1993, 133 D.P.R. ___ (1993), 93 C.D.T. 99."

región judicial, según las categorías descritas en la Regla 3(d) de este reglamento. Estos se colocarán al final de la lista en el orden sugerido por la Delegación del Colegio de Abogados.

Cuando un abogado de oficio cambie de región judicial, deberá notificarlo al Juez Administrador para que se excluya su nombre de la lista de abogados de oficio de esa región. Antes de hacer efectiva dicha exclusión, el abogado deberá demostrar que ha sido incluido en la lista de abogados de oficio de la región judicial a la que se ha integrado."

Su propósito es mantener actualizados los listados anualmente y así, dar oportunidad a los nuevos abogados de integrarse prontamente. Establece como parámetro temporal el comienzo de cada año fiscal; no obstante, la regla no especifica fecha cierta (día exacto) para que el presidente de la delegación concernida someta los nuevos nombres. El comentario nos dice que el objeto es que los nuevos abogados "sean integrados prontamente". Informe y Reglamento del Comité Asesor sobre Asignación de Abogados de Oficio en Causas Criminales, pág. 44. Con vista a ello la frase "a comienzo de cada año fiscal" pauta un **término directivo** afianzado sobre el criterio de prontitud a atemperarse con las necesidades de los calendarios judiciales.

En vista de que era la primera vez que se implementaba el Reglamento, no consideramos que el término de casi cuatro (4) meses fuera irrazonable y viciara de nulidad ab initio dicha lista. Aclaramos, que en el futuro, esa gestión de los presidentes de las delegaciones de abogados debe realizarse en el período más cercano al comienzo de cada año fiscal. En términos temporales, el momento en que se enmendó el listado

no convirtió en ilegal, arbitraria ni caprichosa la inclusión de la Lcda. Colom Báez.

La omisión de no haberse incluido todos los nombres de los abogados que estaban en la lista anterior y los abogados de la Región de Fajardo, puede afectar, más bien de modo indirecto, su inclusión, pero no tiene tampoco el alcance de invalidarla. Sin embargo, los directivos de las diferentes regiones judiciales deben estar conscientes que la máxima eficiencia y beneficios del programa de designación depende que se cumplan los requisitos reglamentarios para la confección y enmienda de los listados.

El planteamiento de que correspondía incluir a la Lcda. Colom Báez al final del listado, no en el tercer turno, pasa por alto que dicho orden aplica **a los abogados provenientes de otras regiones**; la regla presupone que ya han rendido servicios <u>pro bono</u> en sus regiones de origen. (Véase, <u>Id.</u>, pág. 44). La Lcda. Colom Báez no provenía de otra región judicial, sino que formaba parte de la demarcación perteneciente a la Delegación de Fajardo, por lo que no tenía que ubicársele al final de la lista. En ausencia de una clara arbitrariedad, la ausencia de guías para ubicar en la lista de los abogados a aquellos que están en situación análoga a la Lcda. Colom Báez, deja a la **sana y justa discreción** de la Delegación determinarlo.

III

Superados los señalamientos técnico-reglamentarios, evaluemos el reclamo medular de la Lcda. Colom Báez de que

su designación como abogada de oficio violó su derecho al debido proceso de ley al no atenderse sus reparos.

Ciertamente la Regla 22(c) establece que "[l]uego de que se haya determinado que la persona es indigente, el tribunal le asignará como abogado de oficio a aquel cuyo nombre esté en turno en la lista correspondiente. Para determinar si en el caso específico el abogado próximo en la lista debe ser nombrado o no, **el Juez deberá tomar en consideración [una serie de factores, entre ellos[6] "[e]l reparo que pueda levantar el abogado designado a representar al imputado ya sea por principios profesionales o personales."**

La Regla guarda silencio sobre la forma y momento en que el Juez considerará tales factores. Sin embargo, la lógica e imperativo del debido proceso de ley, nos llevan a concluir en favor de un **trámite previo** a la designación de

---

[6] Los elementos provistos por la Regla son:

"(1) La complejidad particular o conocimiento especializado necesarios para atender el procedimiento de naturaleza penal ante su consideración.

(2) El período de tiempo que tomará el proceso y el calendario de señalamientos cercanos del abogado a ser designado.

(3) El reparo que pueda levantar el abogado designado a representar al imputado, ya sea por principios profesionales o personales.

(4) La oposición que pueda levantar el imputado a la designación. En este caso el tribunal celebrará una audiencia para recibir la prueba que sostenga la oposición. Cuando la intimidad del imputado o el derecho a juicio imparcial así lo requiera, la audiencia podrá celebrarse en privado."

abogados de oficio para considerar esas circunstancias.

Primero, imprimiríamos sentido pragmático a la disposición reglamentaria que provee que los abogados puedan, en casos particulares, exponer **oportunamente** sus reparos. Otra conclusión impediría, por un lado, que el Juez que lo designó sopesara los factores de la Regla y del otro, que el abogado pudiera expresarse ante dicho foro. La Regla 32[7] que concede jurisdicción para revisar **las designaciones de abogados de oficio al Tribunal de Circuito de Apelaciones** parte del supuesto de finalidad. Segundo, es anticipable que ese trámite previo evitará al abogado incurrir innecesariamente en gastos de recursos económicos y tiempo al tener que acudir al Circuito de Apelaciones a exponer sus

---

[7] "Regla 32:

   Revisión de determinaciones sobre asignación de abogados de oficio y sobre compensación y pago por servicios y gastos de litigación.

   Cualquier abogado que reclame que su inclusión o exclusión de las listas o que su asignación como abogado de oficio en un caso específico fue hecha de manera arbitraria o discriminatoria, podrá acudir ante el Tribunal de Circuito de Apelaciones que corresponda, según lo dispuesto por la Ley de la Judicatura mediante petición Ex parte, presentada dentro del término de diez (10) días a partir de la fecha en que fue notificado de la determinación que impugna.

   Cualquier abogado de oficio que reclame que el juez que lo designó para un caso en específico, o cualquier otro funcionario del tribunal, ha actuado de manera arbitraria o discriminatoria en relación con cualquier asunto cubierto por este reglamento, y que esta conducta le ha perjudicado, podrá acudir ante el Tribunal de Circuito de Apelaciones mediante Certiorari. La presentación de tal recurso ante el Tribunal de Circuito de Apelaciones no interrumpirá los procedimientos en progreso ante el foro correspondiente."

reparos y revisar la determinación de Instancia. Tercero, aunque la Regla 32 expresa —**lo que es norma general**—, que la presentación del certiorari al foro apelativo no interrumpe los procedimientos en instancia, lo cierto es que su expedición paraliza —salvo que otra cosa se disponga—, lo cual potencialmente puede afectar los derechos del acusado.

Precisamente ese es el reclamo ante nos de la Lcda. Colom Báez: advino en conocimiento de que era representante legal en un caso penal, **luego de su designación**, lo que le privó del derecho a exponer sus reparos. Una vez designada, como pareció estimarlo el Tribunal de Primera Instancia, no podía según una interpretación literal del Reglamento, revisar su determinación; a juicio suyo, correspondía al Circuito de Apelaciones.

IV

Finalmente, la Lcda. Colom Báez expone sus reparos para asumir la representación legal designádale. Argumenta, que asumir representación del caso criminal, área con la cual no está familiarizada —carece de experiencia y las destrezas que requieren su trámite—, la llevaría inexorablemente a violar el Canon 18 de los de Ética Profesional. Además la expondría a responsabilidad civil frente a sus representados.

En Ramos Acevedo v. Tribunal Superior, 133 D.P.R. 599 (1993), —medió criterio unánime al respecto—, expresamos que ordenar a abogados inexpertos en la práctica criminal asumir representación en casos penales, los obligaría a infringir

el Canon 18 que exige **al abogado competencia al asumir la representación de una causa**. In re Vélez Valentín, 124 D.P.R. 403 (1989); In re Acosta Grubb, 119 D.P.R. 595 (1987); Colón Prieto v. Géigel, 115 D.P.R. 232 (1984). **En esas circunstancias, el abogado puede objetar y rechazar una designación por tales motivos.**

Al respecto, la Lcda. Colom Báez, consciente de su deber ético de ofrecer representación legal gratuita a los menesterosos -obligación moral que vincula y es responsabilidad de toda la profesión legal-, se puso a la disposición del Tribunal de Instancia para llevar causas no penales de indigentes.

En atención a esta circunstancia y la de otros abogados activos en situaciones similares -hasta que se disponga de otro modo-, las delegaciones del Colegio de Abogados y los Jueces Administrativos de las diferentes regiones judiciales, deben mantener un registro ad hoc paralelo, con los nombres de abogados que, por razones válidas, sean dispensados por los tribunales de prestar servicio profesional de naturaleza penal. Los abogados incluidos en este Registro podrán estar sujetos a prestar gratuitamente servicios legales en casos relacionados con las personas indigentes.

ANTONIO S. NEGRÓN GARCÍA
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

      v.

José A. Morales

                            CC-1999-336    Certiorari

    Imputado

María de los A. Colom Báez

    Peticionaria

Ex Parte

SENTENCIA

San Juan, Puerto Rico, a 21 de enero de 2000

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se revoca la Resolución del Tribunal de Circuito de Apelaciones, y en su lugar se dicta sentencia y releva a la Lcda. María de los A. Colom Báez de su designación como abogada de oficio en los casos criminales que originaron este recurso, y se acepta su disponibilidad manifestada ante el Tribunal de Primera Instancia para llevar causas no penales de indigentes.

A tono con nuestros pronunciamientos, y con referencia a la Lcda. Colom Báez y otros abogados activos en situaciones similares –hasta que se disponga de otro modo–, se ordena a las delegaciones del Colegio de Abogados y los Jueces Administrativos de las diferentes regiones judiciales, que mantengan un registro ad hoc paralelo, con los nombres de abogados que, por razones válidas, sean dispensados por los tribunales de prestar servicio profesional de naturaleza penal. Los abogados incluidos en este Registro podrán estar sujetos a prestar gratuitamente servicios legales en casos relacionados con las personas indigentes.

Notifíquese copia de esta Opinión al Colegio de Abogados.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

                              Isabel Llompart Zeno
                      Secretaria del Tribunal Supremo