# 98 DTA 158

RECEIVED

OCT 2 8 1998

SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL V DE PONCE Y AIBONITO**

OFICINA PARA LA LIQUIDACION DE LAS CUENTAS DE LA
CORPORACION DE RENOVACION URBANA Y VIVIENDA
Demandante-Apelante

v.

SANTIAGO GUTIERREZ CADIZ, ONELIA CANCEL GONZALEZ Y LA
SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS
Demandados-Apelados

Núm. KLAN-97-01345

San Juan, Puerto Rico, a 15 de abril de 1998

Panel integrado por su Presidente, el Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Negrón Soto, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El 10 de diciembre de 1998 la apelante presentó escrito de apelación en la Secretaría de este Foro apelativo, en donde solicita se revoque la sentencia dictada por el Tribunal de Primera Instancia el 10 de noviembre de 1997, sobre la cual se denegó una moción de reconsideración el día 24 siguiente. ■ En atención a que del escrito de apelación no surgía que se envió copia del mismo a la Secretaría del Tribunal de Primera Instancia, mediante resolución del 29 de enero de 1998, notificada ese mismo día, le concedimos diez (10) días a la apelante para que mostrara causa por las cuales no debía desestimarse este recurso. En moción en cumplimiento de orden presentada el 31 de marzo siguiente, o sea luego de transcurrir sesenta y un (61) días de habérsele ordenado que lo hiciera, el apelante acepta el error cometido sin explicar el porqué de la tardanza en acudir a este Foro apelativo en el término concedido de diez (10) días. Alega lo siguiente:

*"1. Que profunda y humanamente expresamos nuestra más sinceras disculpas por la tardanza e incumplimiento con la orden dictada por este Honorable Tribunal recientemente.*

*2. Que ya se envió a radicar copia de la petición de apelación que se radicó ante este Tribunal Apelativo.*

*3. Que desafortunadamente cuando examinamos el expediente notamos que solamente se le envió copia de la petición de apelación a la parte demandada. Fue un genuino error involuntario.*

*4. Que por lo aquí expresado se nos permita continuar con este procedimiento por las siguientes razones:*

*a. Se trata de un asunto de interés social.*

*b. La parte demandada ni siquiera reside en la propiedad pues la misma está invadida por terceras personas y el propósito de dicho procedimiento de ejecución de hipoteca lo es recobrar esta propiedad para ofrecerla a aquellas personas que tengan méritos.*

*c. La petición de apelación es motivada por un claro error del Tribunal de Instancia.*

*d. Que este asunto es de fácil verificación por el Tribunal Apelativo lo cual le da la razón a la parte apelante.*

*e. En aras de hacer justicia se solicita de este Honorable Tribunal Apelativo que no desestime esta apelación, se nos permita notificar al Tribunal de Ponce con copia de esta apelación y se resuelvan los méritos de la misma. Se encontraba prácticamente finalizado faltando el documento solicitado por el Tribunal para dictarse sentencia a favor de la demandante."*

De ello surge que el apelante no se percató de su obligación legal sin tener ninguna excusa para ello. Dispone la Regla 53.1, *supra*, en lo pertinente, que el recurso de apelación *"[d]e presentarse en la secretaría del Tribunal de Circuito de Apelaciones, el apelante deberá notificar copia del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación."*

La Regla 14 (B), *idem*, dice así:

*"De presentarse el recurso de apelación en la Secretaría del Tribunal de Circuito de Apelaciones, la parte apelante deberá notificar copia del escrito de apelación debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación. El término aquí dispuesto será de cumplimiento estricto."*

En resumen señala la apelante en su moción luego de transcurrir cuarenta y ocho (48) días de haber vencido el término concedido en nuestra resolución, *supra*, y alrededor de cuatro (4) meses de

incumplir con los antes citados preceptos de ley, que al examinar los expedientes se percató de ello y que le autoricemos a enviar copia del recurso al Tribunal de Primera Instancia. En *González Santos v. Bourns P.R. Inc.*, 125 D.P.R. 48, 57-58 (1989), al considerar una disposición similar a la de nuestro Reglamento, se resolvió que:

*"Las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior disponen, además, que el apelante debe presentar copia del escrito de apelación en el Tribunal Superior dentro del término de treinta (30) días para apelar. La presentación de la copia del escrito en el Tribunal Superior dentro de dicho término es de estricto cumplimiento. Su presentación tardía es permisible de existir y demostrarse a cabalidad una justa causa. Regla 4 de Apelación del Tribunal de Distrito al Tribunal Superior,* ▓ *supra; Srio. del Trabajo v. Gómez Hnos., Inc.,* ▓ *supra; Maldonado v. Pichardo, 104 D.P.R. 778 (1976). Como expresamos en Morales v. Méndez Más, 109 D.P.R. 843, 845 (1980), "[n]o permitiremos presentaciones tardías de copia de ningún recurso en la Secretaría del tribunal de apelación, a menos que la demora ocurrida se justifique detalladamente y a cabalidad".* (Enfasis suplido.) Cf. *Pueblo v. Fragoso Sierra,* 109 D.P.R. 536 (1980).

La apelante no ha ofrecido ninguna razón que justifique su omisión. Tampoco la misma puede justificarse en requisitos nuevos exigidos por nuestro Reglamento, ya que anteriormente se exigía hacer una notificación similar.

En la práctica apelativa las partes vienen obligadas a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados, *Matos v. Metropolitan Marble Corp.,* 104, D.P.R. 122, 125 (1975), siendo totalmente impermisible dejar al arbitrio de las partes qué disposiciones reglamentarias deben acatarse y cuáles no. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642, 659 (1987). Por ello, es doctrina firmemente establecida que el incumplimiento con los requerimientos establecidos en el reglamento de un tribunal apelativo puede servir de fundamento para la desestimación de un recurso. *Id.* pág. 644. Así han sido apercibidos los abogados por el Tribunal Supremo. *In Re: Reglamento del Tribunal Supremo.*

Como hemos resuelto antes al considerar un planteamiento similar *"[t]odo abogado que comparezca ante un foro apelativo debe estar adecuadamente familiarizado con su reglamento." In re: Vélez Valentín,* 124 D.P.R. 403 (1989). Nos hacemos eco de las manifestaciones del Tribunal Supremo de Puerto Rico en *Matos v. Metropolitan Marble Corp., supra,* a los efectos de que los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y reglamentos para el perfeccionamiento de los recursos instados ante nos. De ahí que este Tribunal requiera el más estricto y celoso cumplimiento de las disposiciones de nuestro Reglamento.

El Tribunal Supremo de Puerto Rico ha establecido *"que la aceptación de una encomienda apelativa impone sobre los abogados el deber de adquirir los conocimientos procesales y sustantivos requeridos por este tipo de trámite, así como de desplegar la preparación y dedicación correspondientes. In re: Vélez Valentín, supra. La complejidad de los cambios introducidos en nuestra jurisdicción por la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, y los numerosos reglamentos adoptados para implementar la misma, hacen doblemente imperativo que los abogados de esta jurisdicción ejerzan toda la diligencia posible para conocer y cumplir con los procedimientos ante este Tribunal." Mariangely Santiago López v. Israel Copel y otros,* Sentencia del 24 de octubre de 1997, Hon. Segarra Olivero, Juez Ponente, pág. 4.

En este caso estamos ante la reiterada e inexplicable desidia de la apelante por medio de su representación legal consistente en tres violaciones al trámite procesal judicial: una cuando no efectuó diligencia alguna en los últimos seis meses antes de que se le archivara el caso, de lo que aquí recurre; la segunda al no notificar al Tribunal de Primera Instancia copia de este recurso de *certiorari*; y la tercera al incumplir con el término que se le concedió en nuestra Resolución del 29 de enero de 1998 para explicar dicha omisión, la que no es fundamento para lo aquí resuelto pero ejemplariza su forma de actuar. Como se dijo en *Banco Popular v. Mun. de Aguadilla,* **97 J.T.S. 152,** al revocar a este Foro apelativo para desestimar un recurso de *Certiorari* que no se presentó en el término de treinta (30) días de cumplimiento estricto dispuesto en el Artículo 4.002(d) de la Ley Núm. 248 del 25 de diciembre de 1995, 4 L.P.R.A. sec. 22, el hecho de que el mismo no fuera jurisdiccional:

*"...no significa que el Tribunal de Circuito automáticamente goza de discreción para prorrogarlo. El poder para ejercer tal discreción surge sólo cuando la parte que lo solicita, demuestra justa causa para la tardanza. **En ausencia de tales circunstancias dicho tribunal carece de discreción para prorrogar el término y, por ende, acoger el recurso de certiorari ante su consideración.**"*

De otra parte, el término discreción ha sido definido como: *"[s]ensatez para formar juicio y tacto para hablar u obrar." Diccionario de la Lengua Española (vigésima primera ed. 1992). En nuestro ordenamiento jurídico, sin embargo, discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera...". Pueblo v. Sánchez González, 90 D.P.R. 197, 200 (1964). Véase, además, Pueblo v. Ortega Santiago, 125 D.P.R. 203, 211 (1990). Resulta pues, evidente, que dentro del ámbito judicial, el mencionado concepto no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho...".* Pueblo v. Sánchez González, supra. Ciertamente, esto constituirá un abuso de discreción.

Respecto al abuso de discreción, en *Pueblo v. Ortega Santiago, supra,* pág. 214, dijimos que *"[e]l juez, so pretexto de ejercer su discreción, no puede olvidarse de, ni relegar a un segundo plano, los mandatos y dictados de nuestra Constitución y los de las leyes, pertinentes a la cuestión en controversia, que han tenido a bien promulgar los funcionarios de las Ramas Legislativa y Ejecutiva.*

*"... Los tribunales estamos autorizados a interpretar las leyes cuando, entre otras, éstas no son claras o concluyentes sobre un punto en particular; cuando el objetivo, al realizarlo, es el de suplir una laguna en la misma, o cuando, con el propósito de mitigar los efectos adversos de la aplicación de una ley a una situación en particular, la justicia así lo requiere. Estamos impedidos, sin embargo, de obviar los mandatos claros y específicos de una ley cuando la misma es **constitucionalmente válida.**"* (Énfasis suplido.) (Págs. 444-445).

Esta doctrina fue ratificada recientemente en *Arriaga v. Fondo del Seguro del Estado,* **98 J.T.S. 28**, en donde precisamente se consideró un planteamiento similar al del caso de marras.

Específicamente en ese caso el Fondo:

*"...no cumplió con lo dispuesto en la citada Regla 33(A), como bien lo admitió el propio foro apelativo en su sentencia. El F.S.E. presentó su recurso de certiorari ante el Tribunal de Circuito de Apelaciones el 24 de octubre de 1996, pero no notificó dicho recurso a la secretaría del tribunal recurrido. Ello dio lugar a que el foro de instancia continuara con los procedimientos del caso, a pesar de que estaba pendiente ante el foro apelativo el recurso aludido del F.S.E. En efecto, pocos días después de que el F.S.E. presentara su recurso de certiorari ante dicho foro, el 7 de noviembre de 1996, el tribunal de instancia celebró una conferencia con antelación al juicio. Allí, el tribunal señaló una vista transaccional para el 24 de marzo de 1997, que tuvo que suspenderse llegada la fecha de ésta, cuando el tribunal de instancia tuvo noticia por primera vez de que estaba interpuesto y pendiente el certiorari aludido ante el foro apelativo.*

*En vista del incumplimiento de la Regla 33(A) por el F.S.E., la peticionaria solicitó del Tribunal de Circuito de Apelaciones la desestimación del recurso de certiorari presentado por el F.S.E. El foro apelativo entonces le requirió al F.S.E. que acreditase la fecha, si alguna, en que había notificado al tribunal recurrido la presentación del certiorari en cuestión. En respuesta a este requerimiento del Tribunal de Circuito de Apelaciones, el F.S.E. admitió que no había cumplido con lo dispuesto en la Regla 33(A) aludida."*

Señaló, además, que:

*"...nuestro incumplimiento no se debió a falta de interés o menosprecio al proceso....el incumplimiento ha sido un evento aislado, el mismo ha sido involuntario, no ha habido lesión a las partes o a la dignidad del tribunal, existe un firme propósito de enmienda de parte de la Corporación del Fondo del Seguro del Estado...".*

Sobre la base de la referida respuesta del F.S.E., el foro apelativo denegó la moción de desestimación de la peticionaria. Aunque el F.S.E. evidentemente no ofreció una razón adecuada que

justificase su incumplimiento del requisito fijado por la Regla 33(A) en cuestión, el foro apelativo resolvió que dicho requisito debía ser interpretado de manera flexible, y que como éste era uno de cumplimiento estricto y no de carácter jurisdiccional, el Tribunal tenía la facultad de eximir de éste a la parte recurrente. El Tribunal de Circuito de Apelaciones no explicó en cuáles circunstancias procedía que se eximiera a una parte de cumplir la Regla aludida, ni justificó de modo alguno porqué en este caso debía hacerse la excepción con el F.S.E. Sencillamente, el foro apelativo resolvió que a pesar del incumplimiento por el F.S.E. con lo dispuesto en la Regla 33(A), tenía jurisdicción para entender en el recurso en cuestión, porque dicha Regla sólo establecía un requisito de cumplimiento estricto, no uno jurisdiccional. (Pág. 687).

Al revocarse a este Foro apelativo nuestro Tribunal Supremo indicó:

*"...que los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto si están presentes dos condiciones: (1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida."*

En el caso de autos, no está presente al menos una de las dos condiciones aludidas. Si bien el F.S.E. intentó justificar en detalle su incumplimiento con el término en cuestión, no ofreció realmente una causa justificada para su omisión. Alegaciones tales como las que hizo el F.S.E., de que el incumplimiento fue *"involuntario"*, que *"no se debió a falta de interés"*, que no hubo *"menosprecio al proceso"*, o de que ahora *"existe un firme propósito de enmienda"*, no constituye justa causa. No es con vaguedades, excusas, o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales. (Pág. 688).

Por todo ello concluimos que la demora fue injustificada y se incumplió claramente con nuestro Reglamento.

En consideración a lo anteriormente expresado se desestima este recurso por falta de jurisdicción conforme a lo dispuesto en las Reglas 83 (B) (3) y (C) de nuestro Reglamento.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 98 DTA 158

**1.** El Foro apelado desestimó este caso por no haberse efectuado trámite alguno durante los últimos seis (6) meses a tenor con lo dispuesto en la Regla 39.2(b) de las de Procedimiento Civil. 32 L.P.R.A. Ap. III.

**2.** 4 L.P.R.A. Ap. III-A, posteriormente derogadas. 3 105 D.P.R. 877 (1977).

**3.** 105 D.P.R. 670 (1985).