*In re* MANUEL TORRES DELGADO.

*Número:* CP-99-2          *Resuelto:* 26 de abril de 2000

*Flavio E. Cumpiano Villamor*, Comisionado Especial, en informe; *Carlos Lugo Fiol, Procurador General*, e *Yvonne Casanova Pelosi, Procuradora General Auxiliar; José Davison Lampon*, abogado del querellado.

PER CURIAM: Examinadas las conclusiones de hecho formuladas por el Comisionado Especial, Hon. Flavio Cumpiano Villamor, las cuales fueron sometidas ante este Foro en su informe sobre las alegadas violaciones a los Cánones 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, imputadas al querellado, Lcdo. Manuel Torres Delgado, se exonera al querellado de las violaciones imputadas y se ordena el archivo de la querella.

I

El 26 de junio de 1996 la Sra. Georgina Aguiar Rivera presentó una queja ante la Oficina del Procurador General en la cual alegó que la representación legal ofrecida por el Lcdo. Manuel Torres Delgado, mientras fungía como su

abogado en el caso *Georgina Aguiar Rivera v. Orlando González,* caso Núm. CD-92-6977, fue deficiente; lo cual llevó a la desestimación de su demanda y del recurso apelativo. En síntesis alegó que el licenciado Torres Delgado sometió el caso por el expediente sin su consentimiento, y sin darle a ella la oportunidad de declarar o presentar evidencia testifical. Dicho caso versaba sobre una acción por daños y perjuicios por una desavenencia vecinal sobre el color de una pared de colindancia.([1])

Tras los trámites de rigor, el 14 de septiembre de 1998, el Procurador General presentó un informe sobre la conducta profesional del licenciado Torres Delgado. Mediante Resolución de 15 de enero de 1999, ordenamos al Procurador General formular la querella correspondiente.

El 11 de febrero de 1999 el Procurador General presentó la querella e imputó al licenciado Torres Delgado violación al Canon 19([2]) del Código de Ética Profesional, *supra,* el cual obliga al abogado a mantener a su cliente debidamente informado sobre todo asunto importante del pleito. También le imputó violación al Canon 18 del Código de

---

([1]) Dicho caso contenía varias reclamaciones: (1) Una demanda por daños y perjuicios instada por la señora Aguiar Rivera contra su vecino Oscar Rivera, porque alegadamente el lado de la verja de la señora Aguiar Rivera que colinda con la propiedad del demandado había sido pintado de un color distinto al de la residencia de la demandante, y por alegada persecución maliciosa al haber el demandado formulado denuncias ante los tribunales y querellas ante la Administración de Reglamentos y Permisos (en adelante A.R.Pe.); (2) una reconvención por edificaciones y ampliaciones que alegadamente la señora Aguiar Rivera había llevado a cabo en su residencia en contravención de lo establecido por las servidumbres en equidad vigentes en dicha urbanización, así como de los reglamentos de A.R.Pe., y por haber alegadamente acosado, hostigado y amenazado a la familia Rivera; (3) una demanda contra tercero contra el hijo de la señora Aguiar Rivera, Alfredo Medina Aguiar, por alegadamente haber agredido y alterado la paz de la familia Rivera.

([2]) Originalmente la querella imputaba una violación al Canon 17 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. En su réplica a la querella el licenciado Torres Delgado correctamente señaló que el canon del Código de Ética Profesional que impone al abogado el deber de mantener a su cliente informado es el Canon 19 (4 L.P.R.A. Ap. IX). Celebrada la Conferencia con Antelación a Vista, el Comisionado Especial ordenó se enmendara la querella para reflejar el canon correcto.

El Canon 19 del Código de Ética Profesional, *supra,* le impone al abogado el deber de mantener a su cliente siempre informado de todos aquellos acontecimientos importantes que surjan en el caso que le ha sido encomendado. *In re Cardona Vázquez,* 108 D.P.R. 6 (1978).

Ética Profesional, *supra*, que obliga a todo abogado a rendir una labor idónea y competente, y a defender diligentemente los intereses de su cliente.[3]

Examinada la réplica a la querella presentada por el licenciado Torres Delgado, nombramos al Hon. Flavio Cumpiano Villamor Comisionado Especial con el propósito de que celebrase vista, dirimiese la prueba y nos sometiera un informe con sus conclusiones de hecho. El Comisionado Especial ordenó al Tribunal de Primera Instancia elevar el expediente del caso de *Georgina Aguiar Rivera v. Orlando González*, Caso Núm. CD-92-6977, así como una transcripción de evidencia.

Examinado el expediente, y considerando la naturaleza particular de la querella, el Comisionado Especial instó a las partes a un diálogo transaccional para que examinasen la posibilidad de un resarcimiento económico a la querellante, ya que lo que estaba en controversia era si el consentimiento dado por la señora Aguiar Rivera para que se sometiese el caso por el expediente fue uno informado. El Comisionado Especial consideró que dadas estas particulares circunstancias, el resarcimiento económico podía constituir satisfacción suficiente para la querellante, así como un importante atenuante en el procedimiento disciplinario.

El 29 de septiembre de 1999 el Comisionado Especial rindió su informe. En éste se hace constar que se le reembolsó a la señora Aguiar Rivera todo lo pagado al licenciado Torres Delgado en concepto de honorarios. La señora Aguiar Rivera manifestó mediante documento de relevo suscrito ante el Procurador General, que se sentía satisfecha y que deseaba retirar su reclamación. Por su parte, el Procurador General manifestó que consideraba que el in-

---

[3] El Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, en lo pertinente señala que es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. *In re Vélez Valentín*, 124 D.P.R. 403 (1989); *In re Acosta Grubb*, 119 D.P.R. 595, 602 (1987); *In re Siverio Orta*, 117 D.P.R. 14 (1986); *In re Arana Arana*, 112 D.P.R. 838 (1982).

terés público quedaba resarcido con la devolución a la querellante de los honorarios pagados al licenciado Torres Delgado.

## II

Antes de considerar en los méritos las alegaciones imputadas en la querella debemos señalar que el documento de relevo suscrito por la señora Aguiar Torres ante el Procurador General, en el cual manifiesta que ha sido reembolsada por los honorarios que pagó y que no desea proseguir con la querella, no conlleva automáticamente el que se suspenda o se dé por terminado el trámite de este procedimiento disciplinario.

Una vez ha comenzado el procedimiento disciplinario mediante la presentación de una querella, es a este Foro al que le corresponde determinar si ordena que se retiren los cargos, que se archive la querella o que se impongan sanciones disciplinarias. Véase *In re Ciordia*, 118 D.P.R. 659 (1987).

El ejercicio final de nuestra jurisdicción disciplinaria no puede ser preclusivo en virtud de un relevo por la parte querellante. Aunque el resarcimiento de los honorarios cobrados por el abogado a su cliente puede ser considerado como un atenuante a la sanción que haya de imponerse, o como un factor de peso en la determinación de archivar la querella, queda a discreción de este Tribunal la consideración, si alguna, que deberá darse a dicho relevo dentro del contexto del procedimiento disciplinario.

Anteriormente hemos tenido la oportunidad de examinar los efectos de una indemnización de un abogado a su cliente, por negligencia profesional, y qué criterios deben regir nuestra discreción al determinar, a la luz de dicha indemnización, si debemos archivar la querella disciplinaria. En dicha ocasión reconocimos que una vez

satisfecho el perjuicio privado de la persona afectada, en ausencia de que se haya lesionado un interés público mayor, de ordinario, el asunto no debe tener mayor trascendencia. Aclaramos, sin embargo, que el archivo no será favorecido en aquellas situaciones en que la negligencia profesional haya ido acompañada de un comportamiento que atente contra el prestigio y la dignidad pública que debe caracterizar al abogado, que encierre lesiones éticas graves que impliquen depravación moral, fraude, ilegalidad, falsificación, apropiación indebida o conductas nocivas análogas, o un continuado y repetido curso acumulativo de dejadez, indiferencia y negligencia profesional demostrativo de ineptitud para el ejercicio de la abogacía. *In re Pagán Ayala*, 117 D.P.R. 180 (1986).

### III

Aclarado lo anterior, nos corresponde examinar si el licenciado Torres Delgado incurrió en conducta que violó los Cánones 18 y 19 del Código de Ética Profesional, *supra*, según lo imputado por el Procurador General en su querella.

De las determinaciones de hechos formuladas por el Comisionado Especial se desprende que el caso que motivó la querella, *Aguiar Rivera v. Orlando González*, Caso Núm. CD-92-6977, versa sobre relaciones inadecuadas y desavenencias entre dos (2) vecinos. Un examen del expediente del caso, demuestra, como correctamente determinó el Comisionado Especial, que el licenciado Torres Delgado llevó a cabo una gestión diligente y adecuada.

En el trámite de dicho caso se celebraron varias conferencias en el tribunal, y se preparó un extenso y detallado informe de conferencia preliminar entre abogados. La minuta refleja que los abogados de las partes dialogaron extensamente con el juez, que éste examinó toda la evidencia y toda la prueba documental, y que el juez le informó per-

sonalmente a las partes que había examinado toda la prueba documental.

Posteriormente, el 23 de febrero de 1995, los abogados se reunieron nuevamente en cámara con el juez y dialogaron extensamente sobre el caso. Se señaló un receso y durante éste, el licenciado Torres Delgado y la señora Aguiar Rivera conversaron sobre la posibilidad de someter el caso por el expediente y por la prueba documental. La señora Aguiar Rivera aceptó que en ese momento dio su consentimiento para someter el caso por el expediente.

Al reanudarse los procedimientos en sala la representación legal de ambas partes presentó numerosa prueba documental consistente de fotografías, cartas, certificaciones registrales, documentos oficiales del Municipio de Bayamón y de la Administración de Reglamentos y Permisos (en adelante A.R.Pe.), denuncias judiciales, informes de la Policía, citaciones para comparecer ante magistrado, cartas del Comité de Control Arquitectónico de la urbanización, Resolución de la Junta de Apelaciones sobre Construcciones y Lotificaciones, así como planos del proyecto en construcción.

Durante la vista, a preguntas del Juez, los abogados informaron que sometían el caso a base de la prueba documental presentada y del expediente. En ese momento el licenciado Torres Delgado indicó que la prueba documental ratificaba las alegaciones de ambas partes y que de declarar, las partes declararían el contenido de las aseveraciones de las alegaciones y sobre el contenido de los documentos sometidos en evidencia.

El 5 de abril de 1995, en una escueta sentencia, sin determinaciones de hecho ni conclusiones de derecho, el tribunal desestimó todas las reclamaciones. Se archivó su notificación en autos el 4 de mayo de 1995. Oportunamente, el 15 de mayo, el licenciado Torres Delgado solicitó una reconsideración fundamentada en que los hechos que alegadamente causaron los daños habían sido aceptados

por los demandados en la contestación a la demanda y sostenidos por la prueba documental. Solicitó, además, que se hiciesen las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, las cuales el juez sentenciador había omitido hacer.(⁴)

Por estar el juez sentenciador de vacaciones, otro juez atendió la moción de reconsideración el 5 de junio, primer día hábil del fin de semana y último día para poder instar la apelación. En esa ocasión se emitió una orden para requerir a la parte demandante exponer su posición. El 11 de julio, otro juez atendió la moción, paralizó el caso y lo refirió al juez sentenciador que había sido transferido a otro municipio. Eventualmente, el juez sentenciador la declaró sin lugar el 26 de octubre de 1995. Su notificación fue archivada en autos el 1ro de noviembre. Oportunamente, el licenciado Torres Delgado presentó una apelación ante el Tribunal de Circuito de Apelaciones.

El tribunal apelativo se declaró sin jurisdicción por entender erróneamente y contrario a la norma vigente en nuestra jurisdicción, que por no haberse atendido la moción de reconsideración dentro de los diez (10) días de su presentación, el tribunal de instancia había perdido jurisdicción para considerarla y no se había interrumpido el término de apelación.(⁵)

En su informe, el Comisionado Especial indica que no tuvo ante sí prueba directa que le pudiese ayudar a apreciar si hubo o no suficiente orientación a la señora Aguiar

---

(⁴) El licenciado Torres Delgado acepta que cometió un error de buena fe al consolidar una solicitud de determinaciones de hecho con la moción de reconsideración pasado el término jurisdiccional de diez (10) días, requerido para la solicitud de determinaciones de hecho y conclusiones de derecho. Dicho error en nada afectó el trámite de la reconsideración o el trámite apelativo.

(⁵) La norma vigente en nuestra jurisdicción establece que aun pasados los diez (10) días de la presentación sin que el foro de instancia haya tomado alguna acción con respecto a la moción de reconsideración, el término para la revisión judicial sí queda interrumpido, si el tribunal *a quo* luego decide acoger la moción de reconsideración, antes de que haya expirado el término para interponer el recurso de revisión. Véanse: *Lagares v. E.L.A.*, 144 D.P.R. 601 (1997); *Pagán v. Alcalde Mun. de Cataño*, 143 D.P.R. 314 (1997), *El Mundo, Inc. v. Tribunal Superior*, 92 D.P.R. 791 (1965).

Rivera por parte del licenciado Torres Delgado antes de ella dar su consentimiento para someter el caso por el expediente y por la prueba documental. Señala, además, que mientras la señora Aguiar Rivera no fundamentó su alegación de que la información ofrecida por el licenciado fue insuficiente, la alegación del licenciado Torres Delgado a los efectos de que orientó adecuadamente a la señora Aguiar Rivera y que le recomendó someter el caso tanto por la prueba documental existente como por el expediente queda corroborado con la transcripción de los procedimientos, pues eso fue precisamente lo que hizo durante la vista.

## IV

■ Anteriormente hemos analizado la naturaleza de la función encomendada a un Comisionado Especial designado por este Foro para atender una querella incoada contra un abogado. Hemos determinado que corresponde al Comisionado Especial recibir la prueba y evaluar y dirimir la evidencia conflictiva y que sus determinaciones al evaluar esa prueba merecen nuestra mayor deferencia. *In re Soto López*, 135 D.P.R. 642 (1994).

■ Hemos reiterado que aunque este Foro no está obligado a aceptar el informe de un Comisionado Especial nombrado para atender una querella contra un abogado, pudiendo este Tribunal adoptar, modificar o rechazar tal informe, no alteraremos las conclusiones de hecho de un Comisionado Especial salvo que se demuestre prejuicio, parcialidad o error manifiesto. *In re Soto López*, supra.

Un examen cuidadoso del expediente de este caso, incluyendo la transcripción de la evidencia, revela que las determinaciones de hecho del Comisionado Especial se sostienen de la prueba que tuvo ante sí. Nada hay ante nos que demuestre que hubo prejuicio, parcialidad o error manifiesto en las determinaciones de hecho a que llegó el Comisionado Especial.

Por lo tanto, no existe razón alguna para intervenir, ni menos aun para alterar, la determinación del Comisionado Especial a los efectos de que nada en el expediente del caso, ni en la transcripción de evidencia, lleva a concluir que el licenciado Torres Delgado fue negligente en la tramitación del caso de la señora Aguiar Torres, tanto en el foro de instancia como en el foro apelativo; o de que la orientación dada a la señora Aguiar Torres antes de solicitar su consentimiento para someter el caso por el expediente y por la prueba documental, fue deficiente.

Coincidimos con las determinaciones del Comisionado Especial que señalan que no fue hasta la sentencia desestimatoria de la apelación que la querellante presentó la queja contra el licenciado Torres Delgado, en la cual cuestionó por primera vez que no había sido debidamente informada antes de consentir a someter el caso por el expediente y por la prueba documental. Aunque se quejó de que se desestimara su demanda, no hizo alusión a que también se desestimaron la reconvención en su contra y la demanda contra tercero contra su hijo. Aceptó el procedimiento y la corrección de haber sometido el caso por el expediente y por la extensa prueba gráfica y documental en las dos (2) determinaciones que le fueron favorables y se quejó del mismo procedimiento en la determinación que le fue desfavorable. De todo lo anterior se desprende que el móvil de la queja con relación a lo planteado por la querellante fue su disgusto por haber perdido el caso.

En las circunstancias de autos, la prueba reseñada anteriormente no sostienen los cargos imputados. En consecuencia y por las razones expresadas *procede exonerar al querellado de las violaciones imputadas y archivar la querella.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Fuster Berlingeri no intervino.