CP-99-2                                                          1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Querella |
|---|---|
| Manuel Torres Delgado | 2000 TSPR 65 |

Número del Caso: CP-1999-0002

Fecha: 26/04/2000

Abogado de la Parte Querellante:

> Oficina del Procurador General
> Lcda. Ivonne Casanova Pelosi

Abogado de la Parte Querellada:

> Por derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In re:

Manuel Torres Delgado

CP-99-2

PER CURIAM

En San Juan, Perto Rico, a 26 de abril de 2000.

Examinadas las conclusiones de hecho formuladas por el Comisionado Especial, Hon. Flavio Cumpiano Villamor, las cuales fueron sometidas ante este Foro en su Informe sobre las alegadas violaciones a los Cánones 18 y 19 de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 18 y 19, imputadas al querellado, licenciado Manuel Torres Delgado, se exonera al querellado de las violaciones imputadas y se ordena el archivo de la querella.

I

El 26 de junio de 1996 la señora Georgina Aguiar Rivera presentó una queja ante la Oficina

del Procurador General en la cual alegó que la representación legal ofrecida por el Lcdo. Manuel Torres Delgado, mientras fungía como su abogado en el caso <u>Georgina Aguiar Rivera</u> v. <u>Orlando González</u>, CD-92-6977, fue deficiente, lo cual llevó a la desestimación de su demanda y del recurso apelativo. En síntesis alegó que el Lcdo. Torres Delgado sometió el caso por el expediente sin su consentimiento, y sin darle a ella la oportunidad de declarar o presentar evidencia testifical. Dicho caso versaba sobre una acción en daños y perjuicios por una desavenencia vecinal sobre el color de una pared de colindancia. [1]

Tras los trámites de rigor, el 14 de septiembre de 1998, el Procurador General presentó un Informe sobre la conducta profesional del Lcdo. Torres Delgado. Mediante Resolución de 15 de enero de 1999, ordenamos al Procurador General formular la correspondiente querella.

El 11 de febrero de 1999 el Procurador General presentó la querella e imputó al Lcdo. Torres Delgado violación al Canon 19[2] de Etica Profesional, el cual obliga al abogado a mantener a su cliente debidamente informado sobre todo asunto importante del pleito. También

---

[1] Dicho caso contenía varias reclamaciones: Una demanda en daños y perjuicios instada por la Sra. Aguiar Rivera contra su vecino Oscar Rivera porque alegadamente el lado de la verja de la Sra. Aguiar Rivera que colinda con la propiedad del demandado había sido pintado de un color distinto al de la residencia de la demandante, y por alegada persecución maliciosa al haber el demandado formulado denuncias ante los Tribunales y querellas ante ARPE. Una reconvención por edificaciones y ampliaciones que alegadamente la Sra. Aguiar Rivera había llevado a cabo en su residencia en contravención de lo establecido por las servidumbres en equidad vigentes en dicha urbanización, así como de los Reglamentos de ARPE, y por haber alegadamente acosado, hostigado y amenazado a la familia Rivera. Una demanda contra tercero contra el hijo de la Sra. Aguiar Rivera, Alfredo Medina Aguiar, por alegadamente haber agredido y alterado la paz de la familia Rivera.

[2] Originalmente la querella imputaba una violación al Canon 17 de Ética Profesional. En su Réplica a la Querella el Lcdo. Torres Delgado correctamente señaló que el Canon de Ética Profesional que impone al abogado el deber de mantener a su cliente informado es el Canon 19. Celebrada la Conferencia con Antelación a Vista, el Comisionado Especial ordenó se enmendara la querella para reflejar el canon correcto.
    El Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, le impone al abogado el deber de mantener a su cliente siempre informado de todos aquellos acontecimientos importantes que surjan en el caso que le ha sido encomendado. <u>In re</u> Cardona Vázquez, 108 D.P.R. 6 (1978).

le imputó violación al Canon 18 de Etica Profesional que obliga a todo abogado a rendir una labor idónea y competente, y a defender diligentemente los intereses de su cliente.[3]

Examinada la Réplica a la Querella presentada por el Lcdo. Torres Delgado, nombramos al Hon. Flavio Cumpiano Villamor Comisionado Especial con el propósito de que celebrase vista, dirimiese la prueba y nos sometiera un informe con sus conclusiones de hecho. El Comisionado Especial ordenó al Tribunal de Primera Instancia elevar el expediente del caso de Georgina Aguiar Rivera v. Orlando González, CD-92-6977, así como una transcripción de evidencia.

Examinado el expediente, y considerando la naturaleza particular de la querella, el Comisionado Especial instó a las partes a un diálogo transaccional para que examinasen la posibilidad de un resarcimiento económico a la querellante, ya que lo que estaba en controversia era si el consentimiento dado por la Sra. Aguiar Rivera para que se sometiese el caso por el expediente fue uno informado. El Comisionado Especial consideró que dadas estas particulares circunstancias, el resarcimiento económico podía constituir satisfacción suficiente para la querellante, así como un importante atenuante en el procedimiento disciplinario.

El 29 de septiembre de 1999 el Comisionado Especial rindió su Informe. En el mismo se hace constar que la Sra. Aguiar Rivera fue reembolsada de todo lo pagado por ella al Lcdo. Torres Delgado en concepto de honorarios. La Sra. Aguiar Rivera manifestó mediante documento de Relevo suscrito ante el Procurador General, que se sentía satisfecha y que deseaba retirar su reclamación. Por su parte, el Procurador General manifestó que consideraba que el interés público

---

[3] El Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, en lo pertinente señala que es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. *In re* Vélez Valentín, 124 D.P.R. 403 (1989); *In re* Acosta Grubb, 119 D.P.R. 595, 602 (1987); *In re* Siverio Orta, 117 D.P.R. 14 (1986); *In re* Arana Arana, 112 D.P.R. 838 (1982).

quedaba resarcido con la devolución a la querellante de los honorarios pagados al Lcdo. Torres Delgado.

II

Antes de considerar en los méritos las alegaciones imputadas en la querella debemos señalar que el documento de Relevo suscrito por la Sra. Aguiar Torres ante el Procurador General, en el cual manifiesta que ha sido reembolsada por los honorarios que pagó y que no desea proseguir con la querella, no conlleva automáticamente el que se suspenda o se dé por terminado el trámite de este procedimiento disciplinario.

Un vez comenzado el procedimiento disciplinario mediante la presentación de una querella, es a este Foro al que le corresponde determinar si ordena que se retiren los cargos, que se archive la querella o que se impongan sanciones disciplinarias. *In re* Angel M. Ciordia, 118 D.P.R. 659 (1987).

El ejercicio final de nuestra jurisdicción disciplinaria no puede ser precluido en virtud de un relevo por la parte querellante. Aunque el resarcimiento de los honorarios cobrados por el abogado a su cliente puede ser considerado como un atenuante a la sanción a imponerse, o como un factor de peso en la determinación de archivar la querella, queda a discreción de este Tribunal la consideración, si alguna, que deberá darse a dicho relevo dentro del contexto del procedimiento disciplinario.

Anteriormente hemos tenido la oportunidad de examinar los efectos de una indemnización de un abogado a su cliente, por negligencia profesional, y qué criterios deben regir nuestra discreción al determinar a la luz de dicha indemnización, si debemos archivar la querella disciplinaria. En dicha ocasión reconocimos que una vez satisfecho el perjuicio privado de la persona afectada, en ausencia de que se haya lesionado un interés público mayor, de ordinario el asunto no debe tener mayor trascendencia. Aclaramos, sin embargo, que el archivo no será favorecido en aquellas situaciones en que la

negligencia profesional haya ido acompañada de un comportamiento que atente contra el prestigio y la dignidad pública que debe caracterizar al abogado, que envuelva lesiones éticas graves que impliquen depravación moral, fraude, ilegalidad, falsificación, apropiación indebida, o conductas nocivas análogas, o un continuado y repetido curso acumulativo de dejadez, indiferencia y negligencia profesional demostrativo de ineptitud para el ejercicio de la abogacía. *In re Samuel Pagán Ayala*, 117 D.P.R. 180 (1986).

III

Aclarado lo anterior, nos corresponde examinar si el Lcdo. Torres Delgado incurrió en conducta que violó los Cánones 18 y 19 de Etica Profesional, según lo imputado por el Procurador General en su querella.

De las determinaciones de hechos formuladas por el Comisionado Especial se desprende que el caso que motivó la querella, *Aguiar Rivera v. Orlando González* CD-92-6977, versa sobre relaciones inadecuadas y desavenencias entre dos vecinos. Un examen del expediente del caso, demuestra, como correctamente determinó el Comisionado Especial, que el Lcdo. Torres Delgado llevó a cabo una gestión diligente y adecuada.

En el trámite de dicho caso se celebraron varias conferencias en el tribunal, y se preparó un extenso y detallado Informe de Conferencia Preliminar entre abogados. La Minuta refleja que los abogados de las partes dialogaron extensamente con el juez, que éste examinó toda la evidencia y toda la prueba documental y que el juez le informó personalmente a las partes que había examinado toda la prueba documental.

Posteriormente, el 23 de febrero de 1995, los abogados se reunieron nuevamente en cámara con el juez y dialogaron extensamente sobre el caso. Se señaló un receso y durante éste, el Lcdo. Torres Delgado Y la Sra. Aguiar Rivera conversaron sobre la posibilidad de someter el caso por el expediente y por la prueba documental. La Sra.

Aguiar Rivera aceptó que en ese momento dio su consentimiento para someter el caso por el expediente.

Al reanudarse los procedimientos en Sala la representación legal de ambas partes presentó numerosa prueba documental consistente de fotografías, cartas, certificaciones registrales, documentos oficiales del Municipío de Bayamón y de ARPE, denuncias judiciales, Informes de la Policía, citaciones para comparecer ante magistrado, cartas del Comité de Control Arquitectónico de la urbanización, Resolución de la Junta de Apelaciones sobre Construcciones y Lotificaciones, así como planos del proyecto en construcción.

Durante la vista, a preguntas del Juez, los abogados informaron que sometían el caso a base de la prueba documental presentada y del expediente. En ese momento el Lcdo. Torres Delgado indicó que la pruebe documental ratificaba las alegaciones de ambas partes y que de declarar, las partes declararían el contenido de las aseveraciones de las alegaciones y sobre el contenido de los documentos sometidos en evidencia.

El 5 de abril de 1995, en una escueta sentencia, sin determinaciones de hecho ni conclusiones de derecho, el tribunal desestimó todas las reclamaciones. Se archivó su notificación en autos el 4 de mayo de 1995. Oportunamente, el 15 de mayo, el Lcdo. Torres Delgado solicitó reconsideración fundamentada en que los hechos que alegadamente causaron los daños habían sido aceptados por los demandados en la contestación a la demanda y sostenidos por la prueba documental. Solicitó además, que se hiciesen las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, las cuales el juez sentenciador había omitido hacer.[4]

---

[4] El Lcdo. Torres Delgado acepta que cometió un error de buena fe al consolidar una solicitud de determinaciones de hecho con la Moción de Reconsideración pasado el término jurisdiccional de diez días requerido para la solicitud de determinaciones de hecho y conclusiones de derecho. Dicho error en nada afectó el trámite de la reconsideración o el trámite apelativo.

Por estar el juez sentenciador de vacaciones, otro juez atendió la Moción de Reconsideración el 5 de junio, primer día hábil del fin de semana y último día para poder instar la apelación. En esa ocasión se emitió una orden requiriendo a la parte demandante exponer su posición. El 11 de julio, otro juez atendió la moción, paralizó el caso y lo refirió al juez sentenciador que había sido transferido a otro municipio. Eventualmente, el juez sentenciador la declaró sin lugar el 26 de octubre de 1995. Su notificación fue archivada en autos el 1 de noviembre. Oportunamente, el Lcdo. Torres Delgado radicó apelación ante el Tribunal de Circuito de Apelaciones.

El tribunal apelativo se declaró sin jurisdicción por entender erróneamente y contrario a la norma vigente en nuestra jurisdicción, que por no haberse atendido la moción de reconsideración dentro de los 10 días de su presentación, el tribunal de instancia había perdido jurisdicción para considerarla y no se había interrumpido el término de apelación.[5]

En su Informe el Comisionado Especial indica que no tuvo ante si prueba directa que le pudiese ayudar a apreciar si hubo o no suficiente orientación a la Sra. Aguiar Rivera por parte del Lcdo. Torres Delgado antes de ella dar su consentimiento a someter el caso por el expediente y por la prueba documental. Señala además, que mientras la Sra. Aguiar Rivera no fundamentó su alegación de que la información ofrecida por el licenciado fue insuficiente, la alegación del Lcdo. Torres Delgado a los efectos de que orientó adecuadamente a la Sra. Aguiar Rivera y que le recomendó someter el caso tanto por la prueba documental existente

---

[5] La norma vigente en nuestra jurisdicción establece que aun pasados los diez días de la presentación sin que el foro de instancia haya tomado alguna acción respecto a la moción de reconsideración, el término para la revisión judicial sí queda interrumpido, si el tribunal *a quo* luego decide acoger la moción de reconsideración, antes de que haya expirado el término para interponer el recurso de revisión. Lagares Pérez v. E.L.A., res. 23 de diciembre de 1997, 143 D.P.R.____ (1997). Pagán v. Alcalde de Cataño, res. de 30 de mayo de 1997, 143 D.P.R. ___ (1997), El Mundo, Inc. v. Tribunal Superior, 92 D.P.R. 791 (1965).

como por el expediente queda corroborado con la transcripción de los procedimientos pues eso fue precisamente lo que hizo durante la vista.

IV

Anteriormente hemos analizado la naturaleza de la función encomendada a un Comisionado Especial designado por este Foro para atender una querella incoada contra un abogado. Hemos determinado que corresponde al Comisionado Especial recibir prueba y, evaluar y dirimir la evidencia conflictiva y que sus determinaciones al evaluar esa prueba merecen nuestra mayor deferencia. *In re* Soto López, 145 D.P.R. 642 (1994).

Hemos reiterado que aunque este Foro no está obligado a aceptar el informe de un Comisionado Especial nombrado para atender una querella contra un abogado, pudiendo este Tribunal adoptar, modificar o rechazar tal informe, no alteraremos las conclusiones de hecho de un Comisionado Especial salvo que se demuestre prejuicio, parcialidad o error manifiesto. *In re* Soto López, supra.

Un examen cuidadoso del expediente de este caso, incluyendo la transcripción de la evidencia, revela que las determinaciones de hecho del Comisionado Especial se sostienen de la prueba que tuvo ante sí. Nada hay ante nos que demuestre que hubo prejuicio, parcialidad o error manifiesto en las determinaciones de hecho a que llegó el Comisionado Especial.

Por lo tanto, no existe razón alguna para intervenir, y menos aun para alterar, la determinación del Comisionado Especial a los efectos de que nada en el expediente del caso, ni en la transcripción de evidencia, lleva a concluir que el Lic. Torres Delgado fue negligente en la tramitación del caso de la Sra. Aguiar Torres, tanto en el foro de instancia como en el foro apelativo; o de que la orientación dada a la Sra. Aguiar Torres antes de solicitar su consentimiento para someter el caso por el expediente y por la prueba documental, fue deficiente.

Coincidimos con las determinaciones del Comisionado Especial que señalan que no fue hasta la sentencia desestimatoria de la apelación

que la querellante presentó la queja contra el Lcdo. Torres Delgado cuestionando por primera vez que no había sido debidamente informada antes de consentir a someter el caso por el expediente y por la prueba documental. Aunque se quejó de que se desestimara su demanda, no hizo alusión a que también se desestimaron la reconvención en su contra y la demanda contra tercero contra su hijo. Aceptó el procedimiento y la corrección de haber sometido el caso por el expediente y por la extensa prueba gráfica y documental en las dos determinaciones que le fueron favorables y se quejó del mismo procedimiento en la determinación que le fue desfavorable. De todo lo anterior se desprende que el móvil de la queja con relación a lo planteado por el querellante fue su disgusto por haber perdido el caso.

En las circunstancias de autos, la prueba reseñada anteriormente no sostienen los cargos imputados. En consecuencia y por las razones expresadas, procede exonerar al querellado de las violaciones imputadas, y archivar la querella.

Se dictará la sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re

Manuel Torres Delgado

                          CP-99-2




                         SENTENCIA


    San Juan, Puerto Rico, a 26 de abril de 2000.


        Por las razones expuestas en la Opinión del
Tribunal, la cual se hace formar parte integral de la
presente, se exonera al querellado, Lcdo. Manuel Torres
Delgado, de las violaciones imputadas y se ordena el
archivo de la querella.

    Así lo pronunció y manda el Tribunal y certifica la Secretaria del

Tribunal Supremo.   El Juez Asociado señor Fuster Berlingeri no

intervino.



                         Isabel Llompart Zeno
                    Secretaria del Tribunal Supremo